**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| **DONALD R. STALLWORTH, JR.** **(f/k/a DONALD COOK),** on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**NIPPON SANSO MATHESON, INC.** (formerly known as MATHESON TRI-GAS, INC.),<br>Defendant. | ) | **Case No. 4:26-cv-953**<br><br>JURY TRIAL DEMANDED |

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES**

Defendant Nippon Sanso Matheson, Inc., formerly known as Matheson Tri-Gas, Inc. ("Defendant" or "Matheson"), files this Answer and Affirmative Defenses in response to Plaintiff Donald R. Stallworth, Jr.'s f/k/a Donald Cook ("Plaintiff" or "Stallworth")[1] Original Complaint ("Complaint") and states as follows:

**LIMITED GENERAL DENIAL**

Under Rule 8(b)(3) of the Federal Rules of Civil Procedure, Defendant denies the allegations of the Complaint except those expressly admitted below.

**INTRODUCTION**

Defendant admits that Plaintiff purports to bring an action under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), on behalf of himself and others he alleges are similarly

[1] For purposes of this Answer and Affirmative Defenses only, Defendant accepts Plaintiff's allegation that Donald R. Stallworth, Jr. and Donald Cook are the same person and responds throughout this pleading on that assumption. This limited acceptance does not constitute an admission that they are the same person or relieve Plaintiff of his burden to establish that fact. Defendant expressly reserves the right to amend or supplement this Answer and Affirmative Defenses, including by denying allegations premised on that asserted identity, based on further investigation, discovery, or Plaintiff's failure to establish that Donald R. Stallworth, Jr. and Donald Cook are the same person.

situated. Defendant denies that it violated the FLSA, denies that Plaintiff or any other person is entitled to any relief, and denies that this matter is suitable for treatment as a collective action. Defendant denies any remaining allegations in the introductory paragraph.

## I. NATURE OF SUIT[2]

1. Defendant admits that it paid Plaintiff on a salary basis. Defendant denies that it violated the FLSA and denies all remaining allegations in Paragraph 1.
2. Defendant admits that it employed Plaintiff from approximately 2020 until 2026 (the "Employment Term") and that it paid him on a salary basis during the Employment Term. Defendant denies the remaining allegations in Paragraph 2.
3. Defendant denies the allegations in Paragraph 3.
4. Defendant denies the allegations in Paragraph 4.

## II. PARTIES

5. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations about Plaintiff's residence and therefore denies them. Defendant admits that a document purporting to be Plaintiff's consent is attached to the Complaint as Exhibit A. Defendant denies the remaining allegations in Paragraph 5.
6. Defendant admits that it is a corporation organized under the laws of Delaware and registered to transact business in Texas. Defendant denies any remaining allegations in Paragraph 6.
7. Defendant admits that, effective on or about April 1, 2026, Matheson Tri-Gas, Inc. amended its certificate of incorporation to change its corporate name to Nippon Sanso

[2] Defendant's Answer tracks the headings used in the Complaint for ease of reference. None of the headings are intended to constitute any admissions, and Defendant reserves the right to challenge all of Plaintiff's claims.

Matheson, Inc., and that it remains the same legal entity. Defendant denies any remaining allegations in Paragraph 7.

8. Defendant admits that its registered agent for service of process in Texas is CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136. Defendant denies any remaining allegations in Paragraph 8.

9. The allegations in Paragraph 9 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations. Defendant further denies that any "putative class members" make up a properly defined class or collective, denies that Plaintiff is similarly situated to any other person, and denies any remaining allegations in Paragraph 9.

## III. JURISDICTION AND VENUE

10. The allegations in Paragraph 10 contain legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

11. The allegations in Paragraph 11 contain legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. Defendant specifically denies the remaining factual allegations in Paragraph 11, including the allegations that Defendant required Plaintiff to perform work from his residence during early morning hours, evenings, or weekends.

12. The allegations in Paragraph 12 contain legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

## IV. COVERAGE UNDER THE FLSA

13. The allegations in Paragraph 13 are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

14. The allegations in Paragraph 14 are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

15. The allegations in Paragraph 15 are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

16. The allegations in Paragraph 16 are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

17. The allegations in Paragraph 17 are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

18. The allegations in Paragraph 18 are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

19. The allegations in Paragraph 19 are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

## V. FACTUAL ALLEGATIONS

20. Defendant admits that it produces, distributes, and sells industrial, medical, and specialty gases, along with gas handling equipment and welding supplies, to customers in various industries. Defendant admits that it is a subsidiary of Nippon Sanso Holdings Corporation. Defendant denies the remaining allegations in Paragraph 20.

21. Defendant admits that its business includes delivering products by truck to customer locations and that it employs individuals in dispatcher positions. Defendant denies the remaining allegations in Paragraph 21.

22. Defendant admits that it employed Plaintiff during the Employment Term. Defendant denies the remaining allegations in Paragraph 22.

23. Defendant denies the allegations in Paragraph 23, including Plaintiff's characterization of his primary duty.
24. Defendant denies the allegations in Paragraph 24.
25. Defendant denies the allegations in Paragraph 25.
26. Defendant denies the allegations in Paragraph 26.
27. Defendant denies the allegations in Paragraph 27.
28. Defendant denies the allegations in Paragraph 28.
29. Defendant denies the allegations in Paragraph 29.
30. Defendant admits that it paid Plaintiff a predetermined salary on a bi-weekly basis that was not subject to reduction because of variations in the quality or quantity of work performed. Defendant denies the remaining allegations in Paragraph 30.
31. Defendant admits that Plaintiff was not paid overtime premiums. Defendant denies that it violated the FLSA and denies the remaining allegations in Paragraph 31.
32. Defendant denies the allegations in Paragraph 32.
33. Defendant denies the allegations in Paragraph 33.
34. Defendant denies the allegations in Paragraph 34.
35. Defendant denies the allegations in Paragraph 35.
36. Defendant denies the allegations in Paragraph 36.
37. Defendant denies the allegations in Paragraph 37.
38. Defendant denies the allegations in Paragraph 38.
39. Defendant denies the allegations in Paragraph 39.
40. Defendant denies the allegations in Paragraph 40.
41. Defendant denies the allegations in Paragraph 41.

42. Defendant denies the allegations in Paragraph 42.
43. Defendant denies the allegations in Paragraph 43.
44. Defendant denies the allegations in Paragraph 44.
45. Defendant denies the allegations in Paragraph 45.
46. Defendant denies the allegations in Paragraph 46.
47. Defendant denies the allegations in Paragraph 47.
48. Defendant denies the allegations in Paragraph 48, including Plaintiff's characterization of Defendant as a "sophisticated, multibillion-dollar enterprise" and Plaintiff's characterization of Defendant's size, revenues, locations, workforce, and resources. Defendant specifically denies that it knew or showed reckless disregard for whether its classification of Plaintiff’s role was prohibited by the FLSA.
49. Defendant denies the allegations in Paragraph 49.
50. Defendant denies the allegations in Paragraph 50.
51. Defendant admits that in 2015 a lawsuit styled *Van Kempen v. Matheson Tri-Gas, Inc.*, No. 15-cv-00660-HSG, was filed in the United States District Court for the Northern District of California. Defendant denies the allegations made in that lawsuit, denies that it is relevant to Plaintiff's claims, and denies the remaining allegations in Paragraph 51.
52. Defendant admits that in 2020 a lawsuit styled *Groves v. Matheson Tri-Gas, Inc.*, No. 3:20-cv-03238-L, was filed in the United States District Court for the Northern District of Texas. Defendant denies the allegations made in that lawsuit, denies that it is relevant to Plaintiff's claims, and denies the remaining allegations in Paragraph 52.
53. Defendant admits that a lawsuit styled *Smelser v. Matheson Tri-Gas, Inc.*, No. 4:24-cv-04743, was filed in the United States District Court for the Southern District of Texas.

Defendant denies the allegations made in that lawsuit, denies that it is relevant to Plaintiff's claims, and denies the remaining allegations in Paragraph 53.

54. Defendant denies the allegations in Paragraph 54.

55. Defendant denies the allegations in Paragraph 55.

56. Defendant denies the allegations in Paragraph 56.

**VI. ALLEGATIONS RELATED TO THOSE SIMILARLY SITUATED**

57. Paragraph 57 does not require a response. To the extent a response is required, Defendant incorporates by reference its responses to all preceding paragraphs.

58. Defendant admits that Plaintiff purports to bring this action as a collective action under 29 U.S.C. § 216(b). Defendant denies that Plaintiff's claims are proper for collective treatment, denies that Plaintiff is similarly situated to others, and denies that Plaintiff's proposed collective exists or is properly defined. Defendant denies the remaining allegations in Paragraph 58.

59. Defendant denies the allegations in Paragraph 59.

60. Defendant denies the allegations in Paragraph 60.

61. Defendant denies the allegations in Paragraph 61.

62. Defendant denies the allegations in Paragraph 62.

63. Defendant denies the allegations in Paragraph 63.

64. Defendant denies the allegations in Paragraph 64.

65. Defendant admits that Plaintiff requests court-supervised notice but denies that notice is appropriate and denies the remaining allegations in Paragraph 65.

## VII. CAUSE OF ACTION: FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

66. Paragraph 66 does not require a response. To the extent a response is required, Defendant incorporates by reference its responses to all preceding paragraphs.

67. Defendant denies the allegations in Paragraph 67.

68. Defendant denies the allegations in Paragraph 68.

69. Defendant denies the allegations in Paragraph 69.

70. Defendant denies the allegations in Paragraph 70.

71. Defendant denies the allegations in Paragraph 71.

## PRAYER FOR RELIEF

Defendant admits that Plaintiff seeks various remedies against Defendant, including the items in subparagraphs (a) through (f) of the Complaint's prayer for relief. Defendant denies that Plaintiff or any putative collective member is entitled to any of the requested relief, denies that collective action treatment or notice is proper, and denies any remaining allegations in the prayer for relief.

## DEFENSES AND AFFIRMATIVE DEFENSES

Pleading further, and in the alternative as necessary, Defendant asserts the following defenses and affirmative defenses.

1. Each defense and affirmative defense is made without admitting the burden of proof, is stated in the alternative, and exists separately from all other defenses and affirmative defenses.

2. No assertion of any affirmative defense, additional defense, or matter claimed in avoidance is an admission that Plaintiff does not bear the burden of proof or the burden of producing evidence on any element of any cause of action, claim for relief, or issue on which Plaintiff

bears that burden as a matter of law. Nor is any such assertion a waiver of Defendant's right to require Plaintiff to satisfy any burden of proof or burden of producing evidence.

3. To the extent this matter is allowed to proceed as a collective action, which Defendant denies is appropriate, all defenses and affirmative defenses asserted in this Answer apply equally to all persons who consent to join the lawsuit, to the extent applicable to their individual and unique circumstances.

4. Plaintiff has failed to state a claim upon which relief can be granted.

5. Defendant at all times properly paid Plaintiff, and the group of persons he purports to represent, all compensation to which they were entitled under the FLSA.

6. Without waiving Plaintiff's burden regarding willfulness, Plaintiff's claims, and the claims of the persons he purports to represent, are barred in whole or in part by the applicable statute of limitations under 29 U.S.C. § 255(a). This includes, without limitation, the two-year limitations period applicable to non-willful violations. Under 29 U.S.C. § 256, the claims of any person who files a consent to join are measured from the date that person's written consent is filed with the Court.

7. Plaintiff's claims, and the claims of the persons he purports to represent, are barred in whole or in part by the equitable doctrine of estoppel. This includes, without limitation, any claim for hours that Plaintiff or any other person failed to report or affirmatively misrepresented.

8. Plaintiff's claims, and the claims of the persons he purports to represent, are barred in whole or in part by the equitable doctrine of laches.

9. Some or all of the disputed activities alleged, including after-hours telephone calls and text messages, were incidental to each person's regular duties and are not compensable.

Alternatively, each employee was properly compensated for these alleged incidental activities through his or her salary.

10. Defendant did not willfully violate the FLSA.

11. Plaintiff's claims, and the claims of the persons he purports to represent, are barred in whole or in part because they were exempt from the FLSA's overtime requirements under 29 U.S.C. § 213(a)(1) and 29 C.F.R. Part 541. This includes, without limitation, the administrative exemption (29 C.F.R. § 541.200), the executive exemption (29 C.F.R. § 541.100), the highly-compensated employee exemption (29 C.F.R. § 541.601), the combination exemption (29 C.F.R. § 541.708), and the outside and inside sales exemptions.

12. Defendant complied with the FLSA in good faith, including its good-faith designation of exempt status. Any act or omission giving rise to a claim under the FLSA was done in good faith and in conformity with and reliance on written administrative regulations, orders, rulings, approvals, interpretations, or practices of the U.S. Department of Labor, within the meaning of 29 U.S.C. § 259. Alternatively, Defendant acted in good faith and had reasonable grounds for believing that its acts or omissions did not violate the FLSA, within the meaning of 29 U.S.C. § 260. Accordingly, neither Plaintiff nor the persons he purports to represent may recover liquidated damages.

13. Plaintiff and the persons he purports to represent worked fluctuating hours from week to week, sometimes fewer than and sometimes more than forty hours per week. Each was paid a fixed salary intended to compensate for all hours worked in each workweek, whatever their number. Accordingly, if any person is found to have been misclassified and to be owed overtime, which Defendant denies, overtime must be calculated at no more than

one-half of the regular rate, determined by dividing the fixed salary by all hours worked in the workweek.

14. Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff seeks compensation for activities that are preliminary or postliminary to principal work activities.

15. Defendant's wage and employment decisions were based on legitimate reasons. Defendant acted in good faith, in reliance on applicable statutes, regulations, opinions, and case law, and without willfulness.

16. Plaintiff and the persons he purports to represent are not entitled to compensation for time not working. This includes, without limitation, on-call time during which they were not required to remain on Defendant's premises or so close to them that they could not use the time effectively for their own purposes, time waiting to be engaged, sleep time, break time, and meal periods.

17. Plaintiff's claims, and the claims of the persons he purports to represent, are barred to the extent they seek compensation for periods excluded under the Portal-to-Portal Act, 29 U.S.C. § 251 *et seq.*

18. Plaintiff's claims, and the claims of the persons he purports to represent, are barred for any periods during which those persons were exempt from overtime under any provision of 29 U.S.C. § 213. This includes, without limitation, any period during which they performed duties affecting the safety of operation of motor vehicles over which the Secretary of Transportation has power to establish qualifications and maximum hours of service under 29 U.S.C. § 213(b)(1).

19. Plaintiff and the persons he purports to represent are not entitled to compensation for time during which they were engaged in, or had the opportunity to engage in, personal pursuits, or were otherwise relieved of work duties.

20. To the extent Plaintiff seeks remedies beyond those available under the FLSA, such remedies are improper. This includes, without limitation, injunctive relief, which is available only in actions brought by the Secretary of Labor under 29 U.S.C. § 217, and declaratory relief.

21. Plaintiff has no private right of action to enforce the recordkeeping provisions of 29 U.S.C. § 211(c), and any claim premised on alleged recordkeeping violations fails as a matter of law.

22. This action may not proceed as a collective action under the FLSA because the requirements of 29 U.S.C. § 216(b) for a collective action have not been and cannot be satisfied.

23. A collective action is inappropriate because Plaintiff is not similarly situated to the putative collective members, as defined by Plaintiff, and those putative collective members are not similarly situated to each other.

24. A collective action is inappropriate because of the varied factual circumstances, work locations, work history, job duties, positions, responsibilities, supervisory structures, schedules, compensation levels, and exemptions applicable to Plaintiff and each of the putative collective members, as defined by Plaintiff. The applicability of the exemptions at issue requires an individualized, fact-intensive inquiry into each person's actual primary duties.

25. Plaintiff is not a proper representative of the putative collective he seeks to represent, and the putative collective is not one that can properly be certified or conditionally certified in this action.

26. To the extent Plaintiff or any person he purports to represent is entitled to damages, Defendant is entitled to a credit or set-off for amounts overpaid to that person during his or her employment.

27. Plaintiff's claims are barred, in whole or in part, to the extent the amount of any unpaid wages or overtime is *de minimis*. This includes, without limitation, time spent on brief and sporadic after-hours telephone calls or text messages.

28. Plaintiff's claims, and the claims of the persons he purports to represent, are barred in whole or in part to the extent any such person has executed, or in the future executes, a release of claims.

29. Defendant reserves the right to amend this Answer or add defenses or affirmative defenses that become known during discovery.

**JURY DEMAND**

Defendant hereby requests a trial by jury on all issues so triable.

**WHEREFORE** Defendant Nippon Sanso Matheson, Inc. respectfully requests that the Court:

a) enter judgment that Plaintiff take nothing by his claims;

b) deny conditional certification and notice;

c) dismiss this action with prejudice;

d) award Defendant its costs; and

e) grant Defendant all other relief to which it may be justly entitled.

Dated: October 13, 2026

Respectfully submitted,

**GREENBERG TRAURIG, LLP**

/s/ Kelly Robreno Koster___
Kelly Robreno Koster
1000 Louisiana Street, Suite 6700
Houston, TX 77027
Tel: 713.374.3553
kelly.koster@gtlaw.com

Daniel Kees (*pro hac vice* forthcoming)
One Vanderbilt Avenue
New York, NY 10017
Tel: 212.801.2283
daniel.kees@gtlaw.com

**ATTORNEYS FOR DEFENDANT NIPPON SANSO MATHESON, INC.**

## CERTIFICATE OF SERVICE

I certify that on October 13, 2026, I electronically filed the foregoing with the Clerk of Court for the United States District Court for the Eastern District of Texas using the CM/ECF system, which will send notification of the filing to all counsel of record, including:

Douglas B. Welmaker
WELMAKER LAW, PLLC
505 E. Magrill
Longview, Texas 75601
doug@welmakerlaw.com

Josef F. Buenker
THE BUENKER LAW FIRM
P.O. Box 10099
Houston, Texas 77206
jbuenker@buenkerlaw.com

/s/ Kelly Robreno Koster____
Kelly Robreno Koster