**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **DONALD R. STALLWORTH, JR. (f/k/a DONALD COOK), on behalf of himself and all others similarly situated,** | § | |
| **Plaintiff,** | § | |
| **v.** | § | **C.A. NO. 4:26-cv-953-SDJ** |
| **NIPPON SANSO MATHESON, INC. (formerly known as MATHESON TRI-GAS, INC.),** | § | |
| **Defendant.** | § | |

**<u>Joint Report of Rule 26(f) Attorney Conference</u>**

Plaintiff Donald R. Stallworth, Jr. and Defendant Nippon Sanso Matheson, Inc. submit this joint report under Federal Rule of Civil Procedure 26(f) and the Court's Order Governing Proceedings (Doc. 7). Counsel for the parties conferred by telephone on November 4, 2026. Douglas B. Welmaker and Josef F. Buenker attended for Plaintiff. Kelly Robreno Koster and Daniel Kees attended for Defendant.

## 1. Factual and Legal Synopsis

**Plaintiff's synopsis**

This is a claim for unpaid overtime under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. Defendant produces and distributes industrial, medical, and specialty gases and delivers them to customers by truck. (Doc. 1 ¶¶ 20–21; Doc. 5 ¶¶ 20–21.) Defendant employed Plaintiff as a dispatcher from about 2020 until 2026. (Doc. 1 ¶ 22; Doc. 5 ¶ 2.) Plaintiff scheduled truck routes using Defendant's routing software, following company guidelines, federal hours-of-service rules, and the directions of three levels of managers. (Doc. 1 ¶¶ 23–28).

Defendant paid Plaintiff a fixed salary every two weeks and did not pay him overtime. (Doc. 5 ¶¶ 30–31.) Plaintiff alleges that he worked a scheduled Monday through Friday shift of ten to eleven hours a day, plus calls and texts from managers and drivers in the early morning, in the evening, and on weekends, and that Defendant did not keep a record of his hours. (Doc. 1 ¶¶ 32–39.) Plaintiff contends that his job did not meet any exemption because his primary duty did not include the exercise of discretion and independent judgment on matters of significance, and that Defendant owes him overtime for each hour over 40, an equal amount in liquidated damages, and attorney's fees and costs. (Doc. 1 ¶¶ 40–46, 64.) Plaintiff alleges the violation was willful, so that a three-year limitations period applies. (Doc. 1 ¶¶ 47–55.) Plaintiff brings the claim for himself and for the other dispatchers Defendant classified as exempt and paid a salary, and will ask the Court to authorize notice to them under 29 U.S.C. § 216(b). (Doc. 1 ¶¶ 58–65).

**Defendant's synopsis**

Defendant denies that it violated the FLSA and denies that Plaintiff is owed overtime. Defendant paid Plaintiff a fixed salary because Plaintiff was exempt from the FLSA's overtime requirements under 29 U.S.C. § 213(a)(1), including the administrative, executive, highly compensated employee, and combination exemptions, and under the motor carrier exemption in 29 U.S.C. § 213(b)(1). Each exemption is an independent ground for judgment in Defendant's favor. Defendant denies that it acted willfully, so the two-year limitations period applies, and it asserts good faith under 29 U.S.C. §§ 259 and 260, which defeats liability or, at a minimum, liquidated damages. Defendant also contends that the after-hours calls and texts Plaintiff describes are not compensable work or are de minimis, and that any overtime owed would be computed at no more than one-half the regular rate. Finally, whether any dispatcher is exempt depends on that

dispatcher's own duties, so Plaintiff cannot show that the dispatchers are similarly situated and this case should not proceed as a collective action. (Doc. 5 at 8–13).

## 2. Jurisdictional Basis

The Parties agree that the Court has subject matter jurisdiction under 28 U.S.C. § 1331 because the claim arises under the FLSA, 29 U.S.C. § 216(b) et seq.

## 3. Correct Names of the Parties and Potential Parties

Plaintiff is Donald R. Stallworth, Jr., formerly known as Donald Cook. (Doc. 1 ¶ 5; Doc. 1-1.) Defendant is Nippon Sanso Matheson, Inc., formerly known as Matheson Tri-Gas, Inc. (Doc. 5 ¶ 7.) Additional parties may join as opt-in plaintiffs by filing written consents under 29 U.S.C. § 216(b). Plaintiff does not presently anticipate adding defendants. Defendant does not anticipate adding any parties.

## 4. Related Cases

The parties are not aware of any pending case in state or federal court that is related to this case.

## 5. Initial Disclosures

Plaintiff served the initial disclosures required by Rule 26(a)(1) and the Order Governing Proceedings on November 9, 2026. Defendant will serve its initial disclosures on November 16, 2026.

## 6. Proposed Scheduling Order Deadlines

The parties propose that the Court not apply the standard deadlines in Appendix 1 to the Order Governing Proceedings, because the collective action process will require discovery prior to the filing of the FLSA notice motion, time for response and reply and the Court's consideration

of and ruling on such motion and then, if the motion is granted, a notice period and then merits discovery regarding the members of the collective and their hours and pay. The Parties propose that the Court enter a Briefing Schedule for the FLSA notice motion in this matter as follows.

| EVENT | PROPOSED DATE |
| --- | --- |
| Deadline for motions to transfer | December 16, 2026 |
| Deadline to add parties (other than opt-in plaintiffs filing consents) | January 20, 2027 |
| Deadline for discovery on issues related to FLSA notice motion | February 19, 2027 |
| Deadline to file Plaintiff's motion for notice to the putative collective under 29 U.S.C. § 216(b) | March 19, 2027 |
| Deadline for Defendant to respond to notice motion | April 9, 2027 |
| Deadline for Plaintiff to reply to Defendant's response | April 23, 2027 |

The Parties propose that discovery before February 19, 2027 focus on whether the dispatchers are similarly situated: dispatcher job duties, the classification decision, pay and scheduling practices, and the number and location of dispatchers.

## 7. Rule 26(f) Discovery Plan

### (i) Subjects of discovery, timing, and phasing

Plaintiff expects to need discovery on: the duties of Plaintiff and the other dispatchers; Defendant's decision to classify dispatchers as exempt and the basis for each exemption it asserts, including the motor carrier exemption; the hours Plaintiff and the other dispatchers worked, including schedules, routing and dispatch system records, log-in and activity data, and company telephone, text, and email records; pay records; the number, names, and locations of dispatchers; Defendant's knowledge of the FLSA's requirements, including any prior Department of Labor investigations of its overtime practices; and Defendant's good-faith defense. Plaintiff proposes that discovery proceed in the sequence described in Section 6, with notice-related discovery first, and be completed by the discovery deadline.

Defendant expects to need discovery on the merits of Plaintiff's FLSA claim and on each of its defenses and affirmative defenses, including: Plaintiff's actual job duties, including the extent to which he exercised discretion and independent judgment on matters of significance; the duties of the other dispatchers Plaintiff seeks to represent, as they bear on whether those dispatchers are similarly situated and whether each was exempt; the facts supporting each exemption Defendant asserts, including the administrative, executive, highly compensated employee, combination, and motor carrier exemptions, and the extent to which the duties of Plaintiff and the other dispatchers affect the safety of operation of motor vehicles transporting goods in interstate commerce; Plaintiff's compensation and the method by which it was paid; the hours Plaintiff actually worked and the overtime he claims, including the basis for his contention that he regularly worked ten to eleven hours a day and took calls and texts outside his scheduled shift, and any calendars, notes, telephone and text records, and other documents that reflect that time; the nature, frequency, and duration of the after-hours calls and texts and whether that time is compensable work or de minimis; the basis for Defendant's classification of dispatchers and the facts supporting its good-faith defense under 29 U.S.C. §§ 259 and 260; the facts Plaintiff contends show willfulness and the limitations period that applies; the proper computation of any overtime owed, including the regular rate and the rate at which any overtime would be calculated, and Plaintiff's computation of his claimed damages, liquidated damages, fees, and costs; whether any opt-in plaintiff is similarly situated to Plaintiff and the individualized defenses that apply to each opt-in plaintiff; and Plaintiff's communications with current or former dispatchers about this case, including any solicitation of opt-in plaintiffs.

Defendant agrees that discovery should proceed in the sequence described in Section 6 and be completed by the discovery deadline the Court sets. Defendant does not agree that every subject

Plaintiff lists is proper. Discovery into Defendant's knowledge of the FLSA's requirements and into prior Department of Labor investigations should be limited to the classification of dispatchers and the applicable limitations period, and discovery about dispatchers other than Plaintiff should be limited to those who are similarly situated to him and to the period and locations at issue. Defendant reserves its objections under Rules 26(b)(1) and 26(c) and will confer with Plaintiff in good faith on any dispute about scope.

**(ii) Electronically stored information**

The parties agree that payroll, timekeeping, scheduling, and system log-in data will be produced in native format (such as Excel or CSV) and that emails and other documents will be produced as text-searchable PDF files with their dates, senders, and recipients shown, unless the parties agree otherwise. The parties will confer on custodians and search terms for email and text messages.

**(iii) Privilege, preservation, and protective order**

The parties agree that producing privileged or work-product material does not waive the privilege or protection, and will ask the Court to enter an order under Federal Rule of Evidence 502(d). Because discovery will include payroll and personnel information of employees who are not parties, the parties will submit an agreed protective order. The parties have agreed to preserve relevant documents and ESI, including routing system data, log-in records, and company telephone and text records.

**(iv) Changes to discovery limitations**

Plaintiff proposes that the limits in the Federal Rules and the Local Rules apply. If other dispatchers join the case, Plaintiff proposes that individual written discovery and depositions of

opt-in plaintiffs be limited to a representative group, in a number the parties will agree on or the Court will set.

Defendant proposes that representative discovery only be utilized if nine or more opt-in Plaintiffs join the litigation.

**(v) Other orders under Rules 26(c) and 16(b), (c)**

The parties ask the Court to enter the agreed protective order and Rule 502(d) order described above. Plaintiff will ask the Court to approve a form and method of notice to the putative collective when it moves for notice.

## 8. Settlement

The Parties have not engaged in settlement discussions in this matter. The Parties believe that settlement negotiations will be more likely to be fruitful once the collective action motion has been determined by this Court.

## 9. Persons Expected to Be Deposed

Plaintiff expects to depose Chris Morgan, Logistics Manager for Bulk; Curtis Kraft, Manager; Defendant's corporate representative under Rule 30(b)(6) on the classification of dispatchers, dispatcher duties, pay and timekeeping practices, and the defenses in Defendant's Answer; and other managers or employees identified in discovery. Defendant expects to depose Plaintiff and any opt-in plaintiffs. Defendant reserves the right to seek additional depositions of witnesses disclosed in discovery or to notice depositions of witnesses who may provide rebuttal testimony.

## 10. Estimated Trial Time and Jury Demand

Plaintiff estimates two days for trial of his individual claim and five days if other dispatchers join the case. Defendant demanded a jury in its Answer. (Doc. 5 at 13.)

## 11. Attorneys Appearing at the Management Conference

Douglas B. Welmaker will appear for Plaintiff. Kelly Robreno Koster will appear for Defendant. Each is an attorney of record with full authority to bind the client.

## 12. Consent to Trial Before a Magistrate Judge

The parties do not jointly consent to trial before a United States magistrate judge.

## 13. Other Matters

None at this time.

Respectfully submitted,

**WELMAKER LAW, PLLC**
505 E. Magrill
Longview, Texas 75601
Tel: (512) 799-2048

Douglas B. Welmaker
Texas State Bar No. 00788641
doug@welmakerlaw.com
Attorney-in-Charge

**THE BUENKER LAW FIRM**
P.O. Box 10099
Houston, Texas 77206
Tel: (713) 868-3388
Fax: (713) 683-9940

/s/*Josef F. Buenker*
Josef F. Buenker
Texas State Bar No. 03316860
jbuenker@buenkerlaw.com

**ATTORNEYS FOR PLAINTIFF**

**GREENBERG TRAURIG, LLP**

/s/ *Kelly Robreno Coster*, [with permission]
Kelly Robreno Koster
1000 Louisiana Street, Suite 6700
Houston, Texas 77027
Tel: (713) 374-3553
kelly.koster@gtlaw.com

Daniel Kees (pro hac vice forthcoming)
One Vanderbilt Avenue
New York, New York 10017
Tel: (212) 801-2283
daniel.kees@gtlaw.com

**ATTORNEYS FOR DEFENDANT NIPPON SANSO MATHESON, INC.**

**Certificate of Service**

I certify that on November 17, 2026, I filed the foregoing through the Court's CM/ECF system, which will send notice of the filing to all counsel of record.

*/s/ Josef F. Buenker*
Josef F. Buenker